UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

CHRISTOPHER WALTERS,

        Plaintiff,

    -v-                     6:20-CV-1026

SIMPLY SKINNY TIES, LLC,
doing business as DAZI,

        Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

APPEARANCES:                                          OF COUNSEL:

NYE, STIRLING, HALE & MILLER, LLP                     BENJAMIN SWEET, ESQ.
Attorneys for Plaintiff
1145 Bower Hill Road, Suite 104
Pittsburgh, PA 15243

NYE, STIRLING, HALE & MILLER, LLP                     JONATHAN D MILLER, ESQ.
Attorneys for Plaintiff
33 W. Mission Street, Suite 201
Santa Barbara, CA 93101

GETNICK, LIVINGSTON, ATKINSON &                       JOHN C. JENSEN, ESQ.
   PRIORE, LLP
Attorneys for Defendant
258 Genesee Street, Suite 401
Utica, NY 13502

DUREN IP, PC                                          TODD EMMETT ZENGER, ESQ.
Attorneys for Defendant
610 E. South Temple Street, Suite 300
Salt Lake City, UT 84012

DAVID N. HURD
United States District Judge

## MEMORANDUM–DECISION and ORDER

### I. INTRODUCTION

On September 2, 2020, plaintiff Christopher Walters ("Walters" or "plaintiff"), a legally blind individual, filed this civil rights action against defendant Simply Skinny Ties, LLC, a necktie company doing business under the name DAZI ("DAZI" or "defendant"). According to plaintiff's one-count complaint, defendant is in violation of Title III of the Americans with Disabilities Act ("ADA") because the internet website where defendant advertises and sells its products is incompatible with screen reading programs used by the visually impaired.

On October 1, 2020, DAZI moved under Federal Rule of Civil Procedure ("Rule") 12(b)(1) to dismiss Walters's complaint for lack of subject matter jurisdiction. According to defendant, plaintiff lacks standing because his ADA claim is moot. The motion has been fully briefed and will be considered on the basis of the submissions without oral argument.

### II. BACKGROUND

The following facts are taken from Walters's complaint. Plaintiff is a resident of Utica, New York. Compl. ¶ 19. He is legally blind. *Id*. ¶¶ 2, 19. Plaintiff uses an iPhone 6 with a screen reader technology called "JAWS" to access the internet. *Id*. As relevant here, screen reader software "translates the internet into an auditory equivalent. At a rapid pace, the software reads the content of a webpage to the user." *Id*. ¶ 3 (citation omitted).

DAZI is a Utah corporation headquartered in Lindon, Utah. Compl. ¶ 20. Defendant designs, manufactures, and distributes neck ties, bow ties, and other similar products. *Id*. ¶ 4. Defendant owns, operates, and maintains a website where interested consumers can purchase these products and access other brand-related content and services. *Id*. ¶¶ 5, 22. People can also use defendant's website to contact customer service,

find local retailers, sign up to read product updates and other news, and review important legal notices.  *Id*. ¶¶ 6, 23-24.

Walters alleges that DAZI's website is not compatible with computer screen reader programs used by blind and visually impaired individuals.  Compl. ¶ 12.  According to plaintiff, he attempted to access defendant's website from his home in Utica, New York, but encountered a number of "accessibility barriers."  *Id*. ¶ 25.  Plaintiff alleges that these barriers to accessibility deny him "full and equal access to all of the services the Website offers, and now deter him from attempting to use the Website."  *Id*. ¶ 26.  Plaintiff seeks a permanent injunction that would require defendant to take certain actions to improve the accessibility of the website for blind and visually impaired people.  *Id*. ¶ 13.  Plaintiff also seeks attorney's fees and costs.

### III.  LEGAL STANDARD

"A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it."  *Forjone v. Dep't of Motor Vehicles*, 414 F. Supp. 3d 292, 297-98 (N.D.N.Y. 2019) (cleaned up).  "The Second Circuit has drawn a distinction between two types of Rule 12(b)(1) motions:  (i) facial motions and (ii) fact-based motions."  *Nicholas v. Trump*, 433 F. Supp. 3d 581, 586 (S.D.N.Y. 2020); *see also Carter v. HealthPort Techs., LLC*, 822 F.3d 47, 56 (2d Cir. 2016) ("A Rule 12(b)(1) motion challenging subject matter jurisdiction may be either facial or fact-based.")

"A facial Rule 12(b)(1) motion is one based solely on the allegations of the complaint or the complaint and exhibits attached to it."  *Nicholas*, 433 F. Supp. 3d at 586 (cleaned up).  "A plaintiff opposing such a motion bears no evidentiary burden."  *Id*.  "Instead, to resolve a facial Rule 12)(b)(1) motion, a district court must determine whether the complaint

and its exhibits allege facts that establish subject matter jurisdiction." *Id*. "And to make that determination, a court must accept the complaint's allegations as true and draw all reasonable inferences in favor of the plaintiff." *Id*.

"Alternatively, a defendant is permitted to make a fact-based Rule 12(b)(1) motion, proffering evidence beyond the complaint and its exhibits." *Nicholas*, 433 F. Supp. 3d at 586 (quoting *Carter*, 822 F.3d at 57). "In opposition to such a motion, a plaintiff must come forward with evidence of their own to controvert that presented by the defendant, or may instead rely on the allegations in their pleading if the evidence proffered by the defendant is immaterial because it does not contradict plausible allegations that are themselves sufficient to show standing." *Id*. (cleaned up). "If a defendant supports his fact-based Rule 12(b)(1) motion with material and controverted extrinsic evidence, a district court will need to make findings of fact in aid of its decision as to the subject matter jurisdiction." *Id*.

## IV. DISCUSSION

Walters's one-count complaint alleges that DAZI's website violates Title III of the ADA because it is not compliant with the screen reading technology used by the blind and visually impaired. Compl. ¶¶ 37-50. Plaintiff seeks a permanent injunction directing defendant to "take all steps necessary to bring its website into full compliance with the requirements set forth in the ADA, and its implementing regulations, so that its website is fully accessible to, and independently usable by, blind individuals, and which further directs that the Court shall retain jurisdiction for a period to be determined to ensure that Defendant has adopted and is following an institutional policy that will in fact cause them to remain fully in compliance with the law."

"Congress enacted the ADA in 1990 to remedy widespread discrimination against

disabled individuals." *PGA Tour, Inc. v. Martin*, 532 U.S. 661, 674 (2001). "Unlike other anti-discrimination statues that only prohibit action, the ADA requires individuals and companies, in some instances, to take affirmative steps to eliminate barriers that inhibit the disabled; in a sense it prohibits inaction." quoting *Andrews v. Blick Art Materials, LLC* ("*Andrews II*"), 286 F. Supp. 3d 365, 370 (E.D.N.Y. 2017).

To state a claim under Title III of the ADA, a plaintiff must allege (1) that he is disabled within the meaning of the ADA; (2) that the defendant owns, leases, or operates a place of public accommodation; and (3) that the defendant discriminated against the plaintiff by denying him a full and equal opportunity to enjoy the services provided by the defendant. *Camarillo v. Carrols Corp.*, 518 F.3d 153, 156 (2d Cir. 2008); *see also Andrews v. Blick Art Materials, LLC* ("*Andrews I*"), 268 F. Supp. 3d 381, 387 (E.D.N.Y. 2017).

DAZI contends this claim must be dismissed because it has already "made all reasonable modifications to the Website." Def.'s Mem., Dkt. No. 5-1 at 6.[1] According to defendant, these voluntary changes moot Walters's ADA claim. *Id*. As defendant explains, it made improvements—both before and after plaintiff filed this suit—that make the webpage more accessible to the blind and visually impaired. *Id*. at 7-8.

DAZI has offered declarations that, in its view, establish that it "has remedied all of the alleged ADA violations, has ensured that no additional barriers to accessing the website exist[,] and that it is committed to ensuring access on a going-forward basis." Def.'s Mem. at 13-14. Defendant also argues that certain of plaintiff's allegations are "factually impossible." *Id*. at 15.

---

[1] Pagination corresponds to CM/ECF.

Walters responds that the website "remains inaccessible and currently suffers from at least six accessibility barriers, one of which completely prevents access for visually-impaired users." Pl.'s Opp'n, Dkt. No. 10 at 4. According to plaintiff, DAZI "has not provided any admissible documentary evidence that its Website is now fully accessible." *Id*. at 5. Plaintiff points to a report completed at his counsel's request that "outlines the Website's continued non-compliance with prevailing website accessibility standards." *Id*. at 12.

DAZI replies that Walters has failed to support his assertions with admissible evidence that establishes the website is still non-compliant. Def.'s Reply, Dkt. No. 11 at 4-11. In defendant's view, plaintiff's submissions fail to support standing to sue on any claim related to the website's alleged inadequacies. *Id*.

"The jurisdiction of federal courts is defined and limited by Article III of the Constitution[, and] the judicial power of federal courts is constitutionally restricted to 'cases' and 'controversies.'" *SC Note Acquisitions, LLC v. Wells Fargo Bank, N.A.*, 934 F. Supp. 2d 516, 524 (E.D.N.Y. 2013) (quoting *Flast v. Cohen*, 392 U.S. 83, 94 (1968)). "To determine whether a case is justiciable under Article III, a court must consider the doctrines of ripeness, standing, mootness, advisory opinion, and political question." *Id*. (cleaned up).

DAZI asserts that Walters lacks standing to maintain this lawsuit because his Title III ADA website accessibility claim is moot. To establish Article III[2] standing, a plaintiff must show: (1) an injury in fact; (2) that is fairly traceable to the challenged conduct of the defendant; and (3) that is likely to be redressed by a favorable decision. *Dark Storm Indus.,*

---

[2] Defendant also invokes the prudential standing doctrine based on its belief that certain allegations in the pleading amount to an attempt to assert the rights of others. Def.'s Mem. at 11-12. Upon review, however, these allegations of fact appear to be background material. *See, e.g.*, Compl. ¶ 8 (referencing "8.1 million Americans who have difficulty seeing").

*LLC v. Cuomo*, –F. Supp. 3d–, 2020 WL 3833107, at *5 (N.D.N.Y. July 8, 2020) (Kahn, J.). "The plaintiff bears the burden of establishing standing[.]" *Id*. Relatedly, the doctrine of mootness requires a court to dismiss a case "when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Id*. at *7 (citation omitted). "In contrast to the burden that falls on a plaintiff to prove standing, it is the defendant who bears the burden to prove that a change of circumstances has rendered a case moot." *Id*.

Upon review, DAZI's motion to dismiss must be denied. Walters's complaint plausibly alleges that he is a legally blind individual who has been denied a full and equal opportunity to enjoy the services provided by DAZI on its website. This kind of injury is cognizable under Title III of the ADA. *See Andrews I*, 268 F. Supp. 3d at 393, 398. It is an injury fairly traceable to defendant, who admittedly owns, operates, and controls the website. Ipsen Decl., Dkt. No. 5-2 ¶¶ 1-6. And a favorable decision in this forum; *i.e.*, the entry of a permanent injunction that requires defendant to make accessibility upgrades to the website, would likely redress plaintiff's alleged injury by making the website more readily accessible for the blind and visually impaired.

With one[3] exception, DAZI does not contest this standing analysis. Instead, defendant insists that Walters's claim has been mooted because it has already remedied the alleged

---

[3] DAZI argues it is "factually impossible" for Walters to use the JAWS screen-reading technology on an iPhone because JAWS is not compatible with Apple products. Def.'s Mem. at 15. Defendant invites the Court to take judicial notice of this discrepancy because JAWS is "ubiquitously known" as a Microsoft-only product. *Id*. The invitation must be declined. JAWS does appear to be an extremely popular software offering for blind and visually impaired users. In light of that popularity, plaintiff's reference to JAWS is easily understood as short-hand for screen-reading technology more generally. Even assuming otherwise, plaintiff has also alleged elsewhere in his complaint that the website is incompatible with screen-reading software in general, not just JAWS. In short, taking judicial notice of this fact would not defeat plaintiff's claim at this stage of the proceedings.

ADA violations associated with its website and is committed to making sure there are no problems with accessibility going forward.  Def.'s Mem. at 12-17.  Defendant has submitted sworn declarations to this effect.  *See* Ipsen Decl., Dkt. No. 5-2; Dainis Decl., Dkt. No. 5-3.

In opposition, Walters has submitted an affidavit from Michael McCaffrey, a website accessibility consultant, which claims that DAZI's website is still deficient in certain respects.  McCaffrey Aff., Dkt. No. 10-2.  In reply, defendant complains that this evidence is unsworn and does not conform to Rule 26, which governs expert reports in federal court.  Def.'s Reply at 4-11.

DAZI's arguments do not establish mootness.  As an initial matter, the procedural posture of this case matters:  this is a pre-answer motion to dismiss, so it is a little early to be requiring formal expert disclosures.  And regardless of whether or not McCaffrey's affidavit can be properly considered, defendant's own submissions indicate that it has continued to make accessibility-related changes to the website even *after* Walters filed this ADA suit.

Thus, even taking DAZI at its word would not mandate dismissal at this stage of the proceedings.  The "voluntary cessation of challenged conduct does not ordinarily render a case moot."  *Knox v. Serv. Emp. Int'l Union, Local 1000*, 567 U.S. 298, 307 (2012).  A voluntary change of conduct only renders a case moot if the defendant can demonstrate that "(1) there is no reasonable expectation that the alleged violation will recur and (2) interim relief or events have completely and irrevocably eradicated the effects of the alleged violation."  *Dark Storm Indus., LLC*, 2020 WL 3833107, at *7.

There appears to be an ongoing factual dispute over whether the changes implemented by DAZI remedy the alleged ADA violation and, relatedly, whether the violation is likely to recur.  Thus, it is far from clear that the changes implemented by defendant have

"completely and irrevocably eradicated the effects of the alleged violation." In short, (1) Walters has established that there is a factual dispute between the parties over whether the website continues to deny him a full and equal opportunity to enjoy the services it provides and (2) DAZI has not conclusively established that this dispute has been mooted by its voluntary conduct. Accordingly, defendant's motion to dismiss must be denied.

## V. CONCLUSION

Therefore, it is

ORDERED that

1. Defendant's motion to dismiss is DENIED; and

2. Defendant shall answer the complaint on or before December 22, 2020.

IT IS SO ORDERED.

Dated: December 9, 2020
       Utica, New York.

_____
United States District Judge